NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0126n.06

No. 10-1960

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 03, 2012**

LEONARD GREEN, Clerk

ERIC SCHORLING,

     Petitioner-Appellant,

v.

MILLICENT WARREN,

     Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

_____ /

BEFORE:    MERRITT, CLAY, and SUTTON, Circuit Judges.

**PER CURIAM.** Petitioner Eric Schorling appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we **AFFIRM**.

On September 27, 2004, sixteen-year-old Eric Schorling stabbed his sixteen-year-old ex-girlfriend, Nichol Lambert, in the back with an eight-inch kitchen knife. Schorling attacked Lambert at Romeo High School during the middle of a school day and in the presence of several classmates. The incident punctuated a tumultuous breakup between the couple, which also included bullying and prior verbal altercations.

Schorling was arraigned on criminal charges of (1) assault with intent to commit murder; (2) assault with a dangerous weapon; (3) carrying a dangerous weapon with unlawful intent; and (4) carrying a concealed weapon, in violation of Michigan Compiled Laws §§ 750.83, 750.82, 750.226,

and 750.227, respectively. Prior to trial, the prosecutor moved to dismiss the second count, and mid-trial, Schorling pleaded guilty to the third and fourth counts. Thus, the sole question left for the jury's deliberation was whether Schorling possessed the requisite intent to be found guilty on the assault with intent to murder charge. Schorling's defense was that he did not intend to kill Lambert when he stabbed her and that he was therefore only guilty of assault with intent to do great bodily harm.

The jury was not convinced. Following a three-day trial, Schorling was convicted of assault with intent to murder. The trial judge sentenced Schorling to concurrent terms of ten to fifteen years imprisonment on the assault count and one to five years on each of the weapons offenses.

The sole question certified for our review is whether the Michigan Court of Appeals' ruling was contrary to, or an unreasonable application of clearly-established federal law, when the court concluded that Michigan's bar against diminished capacity defenses did not deny Schorling his due process right to present a complete defense.

At trial, Schorling sought to introduce the testimony of his counselor and of an expert in teen bullying. The counselor would have testified that Schorling likely suffered from underdeveloped frontal lobes, a condition common to teenage brains which encumbers their ability to contemplate the long-term consequences of their actions. The teen bullying expert would have testified that Schorling was a victim of sustained bullying, which drove him to attack Lambert—like a domestic violence victim—as a last resort attempt to stop the abuse. The trial court denied these requests, citing *People v. Carpenter*, 627 N.W.2d 276 (Mich. 2001). The trial court found that the proposed

testimony constituted an attempt to bring a diminished capacity defense, which was abolished in Michigan as a matter of law.

On direct appeal, Schorling argued that Michigan's rule against diminished capacity defenses denied him the right to due process. The Michigan Court of Appeals disagreed, concluding that the state's bar to such defenses did not deprive Schorling of his constitutional right to present a complete defense. *See People v. Schorling*, No. 268026, 2007 WL 2067845, at *3 (Mich. Ct. App. July 19, 2007) (citing *People v. Tierney*, 703 N.W.2d 204, 221–22 (Mich. Ct. App. 2005)).

Applying the AEDPA's deferential standard of review, the district court held that the state court's ruling was not contrary to or an unreasonable application of clearly-established federal law. *Schorling v. Warren*, No. 2:08-CV-13261, 2010 WL 2595328, at *7 (E.D. Mich. June 24, 2010).

After thoroughly reviewing the record, the parties' briefs, and the applicable law, we conclude that the district court correctly decided the issue in a well-written opinion. We cannot grant federal habeas relief, because the right to present a diminished capacity defense has never been recognized by clearly-established federal law. *See Wong v. Money*, 142 F.3d 313, 324 (6th Cir. 1998). Although Schorling was entitled to a meaningful opportunity to present a complete defense, that right was vindicated when he was allowed to support his defense theories by way of lay testimony. *Id*. at 325.

Having determined that a panel opinion of this Court would serve no jurisprudential purpose, we therefore adopt the reasoning of the district court and **AFFIRM** on the basis of the district court's decision.

IT IS SO ORDERED.